-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JEREMY MILLER,

        Petitioner,

        -v-

STEVEN RACETTE,

        Respondent.
_____

**DECISION and ORDER**
11-CV-0426F

On May 18, 2011, Petitioner, Jeremy Miller, appearing *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

On June 8, 2011, the Court granted Petitioner's Motion to Proceed *In Forma Pauperis* and directed Respondent to file an Answer and Memorandum of Law in Response to the Petition within 45 days. (Docket No. 3.)

On June 27, 2011, Petitioner filed a Motion to Stay the Petition and to Amend the Petition on the ground that after he filed the Petition, he realized that he had not completely exhausted an ineffective assistance of appellate counsel claim. This claim is not raised in the Petition currently. (Docket No. 4.) Petitioner's Application for a Writ of Error Coram Nobis was denied by the New York State Supreme Court, Appellate Division, Fourth Department on June 10, 2011, and he has filed an Application for a Certificate Granting Leave to Appeal to the New York Court of Appeals, which is pending. (Docket No. 4, Affirmation in Support of Motion for Stay and Abeyance and for Leave to Amend Petition, ¶ 10.)

For the following reasons, the Motions are granted and Petitioner is directed to file within **30 days** of receipt of this Decision and Order, an Amended Petition that includes all the claims raised in the Petition currently and the ineffective assistance of appellate counsel claim he is now in the process of exhausting in state court. See Clancy v. Phillips, 04CV4343KMK, 2005 WL 1560485 (S.D.N.Y. July 1, 2005) (stay-and-abeyance generally unavailable in absence of mixed petition).

Once Petitioner files the Amended Petition as directed above, the petition at issue will be a mixed habeas petition, containing both exhausted and unexhausted claims, which the Court may not grant. 28 U.S.C. § 2254(b)(2). But if the Court were to dismiss the entire Amended Petition without prejudice to Petitioner's refiling it after he has exhausted all of his claims, he may find himself barred by the applicable statute of limitations. 28 U.S.C. § 2244(d)(1). For these reasons, the Court will dismiss Petitioner's unexhausted claim of ineffective assistance of appellate counsel and stay the remaining claims.[1] See Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir.), cert. denied sub. nom. Fischer v. Zarvela, 534 U.S. 1015, 122 S.Ct. 506, 151 L.Ed.2d 415 (2001) (holding that a court presented with a mixed petition may exercise its discretion "either to dismiss the petition, or to dismiss only the unexhausted claims and stay the balance of the petition" subject to certain time limitations); see also Rhine v. Weber, 544 U.S. 269, 277-78, 125 S.Ct. 1528, 1534-35, 161 L.Ed.2d 440 (2005) (endorsing stay-and-abeyance approach but only when district court finds [1] "good cause" for petitioner's failure to exhaust his claims prior to filing the petition,

---

[1] At this time, the Court takes no position whether any or all of the other claims raised by Petitioner are exhausted.

[2] the unexhausted claims are "potentially meritorious," and [3] there is no indication that the petitioner "engaged in intentionally dilatory litigation tactics.")

Accordingly, this Court will exercise its discretion to stay proceedings with respect to Petitioner's exhausted claims, and to dismiss without prejudice the unexhausted ineffective assistance of appellate claim that will be pled in the Amended Petition. If Petitioner returns to this Court within the time limit set forth below, he will be permitted to amend his Amended Petition to reinstate the dismissed ineffective assistance of appellate counsel claim and such amendment will relate back to the date of the original Petition. See Zarvela, 254 F.3d at 381-382.

This stay is conditioned on Petitioner's filing of an Amended Petition within **30 days** of receipt of this Order and his return to this Court within **30 days** of the completion of the effort to exhaust--e.g., a denial or Petitioner's Application for a Certificate Granting Leave to Appeal to New York Court of Appeals--by the filing of a motion to vacate the stay and reinstate the dismissed claim. If these conditions of the stay are not met, this stay may later be vacated nunc pro tunc as of the date the stay was entered, and the Petition or Amended Petition may be dismissed if it is not still timely. See id.

IT HEREBY IS ORDERED, that Petitioner must file an Amended Petition no later than **30 days** after receipt of this Order, which contains all the claims raised currently in the Petition and the ineffective assistance of appellate counsel claim he is exhausting currently in state court, and to the extent Petitioner's ineffective assistance of appellate counsel claim in his Amended Petition is unexhausted, the claim will be dismissed upon filing of the

Amended Petition without prejudice, subject to the condition that Petitioner return to this Court within **30 days** of the completion of the state court exhaustion proceedings, as discussed herein.

FURTHER, that the Amended Petition will be stayed upon its filing pending Petitioner's exhaustion of the ineffective assistance of counsel claim he is exhausting currently in state court.

FURTHER, that Respondent's time to file and serve an Answer and Memorandum of Law in Response to the Petition and/or Amended Petition is stayed until **45 days** after the Court vacates the stay. Petitioner's Reply to the Respondent's Answer and Memorandum of Law shall be filed within **30 days** after service of Respondent's Answer and Memorandum of Law.

FURTHER, that the Clerk of Court shall forward to Petitioner with a copy of this Order a blank Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 and a copy of the Petition for Writ of Habeas Corpus (Docket No. 1).

SO ORDERED.

Dated:   July 27, 2011
         Buffalo, New York

_____
WILLIAM M. SKRETNY
Chief Judge
United States District Court